# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BELINDA MCKAY**                                           **CIVIL ACTION**

**VERSUS**

                                                             **NO. 22-469-BAJ-RLB**

**WALMART, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 12, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BELINDA MCKAY                                           CIVIL ACTION

VERSUS
                                                       NO. 22-469-BAJ-RLB
WALMART, INC., ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 2). The motion is opposed. (R. Doc. 8). For the reasons set forth herein, the undersigned recommends that the Motion to Remand be **GRANTED** and that this action be **REMANDED** to the 21st Judicial District Court, Livingston Parish, State of Louisiana.

I.    **Background**

On or about July 16, 2021, Belinda McKay ("Plaintiff" or "McKay") filed a Petition for Damages ("Petition") in the 21st Judicial District Court, Livingston Parish, State of Louisiana, naming as defendants Walmart, Inc. ("Wal-Mart Inc."), Wal-Mart Louisiana, LLC ("Wal-Mart Louisiana"), Wal-Mart Stores, East, LP ("Wal-Mart East"), Wal-Mart Associates, Inc. ("Wal-Mart Associates"), Angel LeBlanc ("LeBlanc" or "Leblanc"), and John Doe ("Doe") (collectively "Defendants"). (R. Doc. 11-1). The removing defendants – Wal-Mart Inc. and Wal-Mart Louisiana – are hereinafter collectively referred to as "Wal-Mart" or "Walmart.'

Plaintiff alleges that on or about August 13, 2020, she was a customer at a Walmart Supercenter located at 34025 La. Hwy. 16 in Denham Springs, Louisiana, purportedly owned and operated by Wal-Mart and managed by LeBlanc. (R. Doc. 11-1 at 2, 6). Plaintiff used one of Wal-Mart's motorized shopping carts while she was shopping. (R. Doc. 11-1 at 3). While being operated by Plaintiff, the motorized shopping cart suddenly tipped over, causing injury to Plaintiff's head, shoulder, and knee. (R. Doc. 11-1 at 3). According to Plaintiff, the motorized

shopping cart was defective because it was missing front wheels, which caused an imbalance with the cart. (R. Doc. 11-1 at 3).

On September 13, 2021, Wal-Mart and LeBlanc jointly filed an Answer. (R. Doc. 1-3). Paragraph 27 of the Answer provides the following: "Defendants deny any and all liability in this matter. In further answer, Angel LeBlanc specifically denies any independent negligence or liability as an associate/employee of Walmart." (R. Doc. 1-3 at 3).

On February 16, 2022, Plaintiff testified at her deposition that she did not know LeBlanc or that she had even sued LeBlanc. (R. Doc. 2-3 at 2-3). The deposition transcript was delivered to the parties on March 20, 2022. (R. Doc. 2-2).

On or about March 31, 2022, Wal-Mart and LeBlanc filed a Motion and Incorporated Memorandum to Dismiss Angel Leblanc and Request for Expedited Consideration ("Motion to Dismiss"). (R. Doc. 4-11 at 7). In the Motion to Dismiss, Wal-Mart and LeBlanc made the following assertions:

- "Angel Leblanc was added as a local in-state defendant to defeat diversity jurisdiction in an attempt to avoid removal. She was improperly joined, and there is no basis for imposing liability on her as an individual." (R. Doc. 4-11 at 1).

- "These allegations are insufficient to impose personal liability on Ms. Leblanc. Even if plaintiff can prove Angel Leblanc failed to administer the duties delegated to her by Walmart (which is denied), the Plaintiff cannot show that Angel Leblanc owed a personal duty to the Plaintiff." (R. Doc. 4-11 at 2).

- "Plaintiff's claims against Ms. Leblanc should be dismissed as they were made simply in an effort to destroy diversity and prevent the matter from being removed to federal court." (R. Doc. 4-11 at 3).

- "Again, Angel Leblanc was named as a defendant by opposing counsel for no other reason than to defeat diversity jurisdiction and avoid removal to federal court." (R. Doc. 4-11 at 4).

On April 14, 2022, LeBlanc testified at her deposition Wal-Mart never assigned her the task of checking the motorized carts to make sure they were properly working and that she did

not supervise others assigned with that task. (R. Doc. 2-4 at 2-3). The deposition transcript was delivered to the parties on April 20, 2022. (R. Doc. 2-2).

On May 3, 2022, Wal-Mart (through Joey Theresa Landry) testified at its deposition that no one at the Walmart Supercenter had the job of checking the casters on shopping carts. (R. Doc. 2-5 at 3). The deposition transcript was delivered to the parties on May 9, 2022. (R. Doc. 2-2).

On June 27, 2022, the state court judge held oral arguments on the Motion to Dismiss, orally granting the motion and dismissing LeBlanc as a defendant. (R. Doc. 11 at 2, 4; R. Doc. 11-4 at 1).[1]

On July 13, 2022, within 30 days of dismissal of LeBlanc as a defendant, Wal-Mart removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).[2] Wal-Mart asserts that there is complete diversity because Plaintiff is a citizen of Louisiana; the Wal-Mart entities are citizens of Arkansas and Delaware; LeBlanc, the only non-diverse defendant, was dismissed from the suit prior to removal; and the citizenship of fictitiously named defendants, such as Doe, is not considered when determining whether an action is removable. (R. Doc. 11 at 3-4). Wal-Mart further asserts that Wal-Mart Associates is not a proper party to the matter because Plaintiff never requested service on that entity. (R. Doc. 11 at 4). Wal-Mart also asserts that the amount in controversy is met because Plaintiff

---

[1] There is no dispute that LeBlanc was orally dismissed at this hearing.

[2] On August 15, 2022, the undersigned issued a *sua sponte* Order stating that the original Notice of Removal failed to address whether Wal-Mart Associates "is a proper party (or even exists) and if it does exist, its citizenship is not alleged." (R. Doc. 10). Accordingly, the Court ordered the removing defendants to file an amended notice of removal providing the citizenship of Wal-Mart Associates. (R. Doc. 10). That same day, Wal-Mart Inc. and Wal-Mart Louisiana filed an Amended Notice of Removal. (R. Doc. 11). The Amended Notice of Removal provides a copy of a written order signed by the state judge on July 19, 2022 stating that LeBlanc was dismissed from the suit. (R. Doc. 11-4 at 1).

specifically alleges in the Petition that her damages exceed seventy-five thousand dollars, exclusive of interest and costs. (R. Doc. 11-1 at 7).

Finally, and most importantly, Wal-Mart asserts that removal is timely because it was filed within 30 days after it received the state court's oral dismissal of LeBlanc, the only non-diverse defendant. (R. Doc. 11 at 5).

On July 17, 2022, Plaintiff filed the instant Motion to Remand, seeking remand on the basis that Wal-Mart did not timely remove the action despite the improper joinder (sometimes referred to as "fraudulent joinder" by the parties) [3] of LeBlanc. (R. Doc. 2).

## II.    Arguments of the Parties

### A.    Plaintiff's Arguments

Plaintiff does not dispute that, given the dismissal of LeBlanc, this Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the required amount in controversy is met. Instead, Plaintiff argues that Wal-Mart's removal of the matter was untimely under 28 U.S.C. § 1446(b).

In so arguing, Plaintiff asserts that the proper standard for determining whether the 30-day period for removal is triggered (whether based on the Petition or a subsequent document) is from the time where "an improper joinder could first be ascertained" by the defendants. (R. Doc. 2-1 at 6-7). Based on this standard, Plaintiff argues that Wal-Mart could have "ascertained" that this action was removable at various points in this litigation prior to LeBlanc's actual dismissal as a defendant: (1) service of the Petition; (2) the filing of Wal-Mart and LeBlanc's Answer; (3) the receipt of the transcripts for Plaintiff, LeBlanc, and Wal-Mart's depositions; or (4) the filing

---

[3] The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," as more consistent with the statutory language. *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 571 n.1 (5th Cir . 2004).

of Wal-Mart and LeBlanc's Motion to Dismiss. (R. Doc. 2-1 at 7-16, 18). Plaintiff also argues that the subsequent dismissal of LeBlanc as a defendant did not trigger a new removal period given that improper joinder could have been "first ascertained" at one of the earlier points in the litigation. (R. Doc. 2-1 at 17-18).

Plaintiff first argues that because Wal-Mart "could have ascertained" that LeBlanc was improperly joined upon service of the Petition, removal was untimely under Section 1446(b)(1). (R. Doc. 2-1 at 7). Plaintiff asserts that while she "believed" at the time she filed the Petition that LeBlanc was charged by Wal-Mart with the "duty to maintain its motorized shopping cards and ensure that they are safe for customer use," Wal-Mart "knew" from the start of this lawsuit that this duty had not been delegated to LeBlanc (or any other Wal-Mart employee) for the purposes of establishing personal liability under *Canter v. Kohring Co.*, 283 So.2d 716 (La. 1973).[4] (R. Doc. 2-1 at 8). Plaintiff then argues that this Court should apply a standard considering Wal-Mart's "actual knowledge" of improper joiner since the commencement of this lawsuit. (R. Doc. 2-1 at 9-11).

Plaintiff then argues that Paragraph 27 of the Answer (which was co-filed by Wal-Mart and LeBlanc) "confirms" that Wal-Mart was "aware of the improper joinder of LeBlanc" at the time the Answer was filed on September 13, 2021. (R. Doc. 2-1 at 11-14). Plaintiff relies on additional district court decisions in support of the assertion that Wal-Mart "objectively could

---

[4] Under *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), personal tort liability under Louisiana law may only be imposed on an employee-defendant if: (1) the employee-defendant's employer owed a duty of care to the plaintiff, a breach of which caused the plaintiff's injuries; (2) the employer's duty to the plaintiff was delegated to the particular employee-defendant; and (3) a breach of the duty was caused by the employee-defendant's own personal fault. *Canter*, 283 So. 2d at 721. Personal liability cannot be imposed on an employee-defendant based on general administrative responsibilities; rather the employee-defendant must have a personal duty to the plaintiff that was not properly delegated to another employee. *Id*. There is no dispute that LeBlanc was dismissed from this action because Plaintiff could not establish *Canter* liability against LeBlanc.

have discovered" the improper joinder of LeBlanc without reliance on "subjective knowledge." (R. Doc. 2-1 at 11-14).

Plaintiff next turns to the receipt of deposition transcripts for the purpose of establishing that Wal-Mart could have ascertained the improper joinder of LeBlanc prior to the dismissal of LeBlanc. (R. Doc. 2-1 at 14-15). In particular, Plaintiff points out the following with respect to LeBlanc's testimony: "Leblanc testified that at the time of the incident, Leblanc did not have any employment duties related to the motorized carts. Furthermore, Leblanc testified that no Wal-Mart employee was assigned the task of inspecting the anti-tip wheels on the motorized cars." (R. Doc. 2-1 at 14).

Finally, Plaintiff argues that the Motion to Dismiss filed on March 21, 2022 (including specific arguments that LeBlanc had been improper joined for the purpose of defeating diversity jurisdiction) demonstrates that Wal-Mart had, by that time at the latest, "ascertained the improper joinder of LeBlanc." (R. Doc. 2-1 at 16). Plaintiff further argues, however, that the oral dismissal of LeBlanc on June 27, 2022 based on that Motion to Dismiss did not trigger a new 30-day removal period because the "30-day removal timeline begins to run when improper joinder *could first be ascertained*." (R. Doc. 2-1 at 17) (emphasis in original).

### B.    Wal-Mart's Arguments

In opposition, Wal-Mart argues that the case was not removable prior to the state court's dismissal of LeBlanc as a defendant. In support of its position that removal based on improper joinder would have been premature prior to that dismissal, Wal-Mart focuses on the "heavy burden" emplaced on defendants to prove that a non-diverse defendant was improperly joined. (R. Doc. 8 at 1-4). By relying on federal district court decisions from Oklahoma and Missouri, Wal-Mart argues that a "clear and convincing" evidence is required to demonstrate improper

joiner. (R. Doc. 8 at 2).[5] According to Wal-Mart, it did not remove based on improper joinder prior to the dismissal of LeBlanc because "it simply could not validate whether Plaintiff had no possibility of recovering against" LeBlanc personally. (R. Doc. 8 at 2-3). Particularly, Wal-Mart contends that it did not remove prior to LeBlanc's dismissal because it did not have "definitive proof" that LeBlanc "would be free of independent negligence" until the state court ruled on its Motion to Dismiss. (R. Doc. 8 at 3).

Wal-Mart suggests that in the absence of "clear and convincing" evidence, the 30-day period for removal under 28 U.S.C. § 1446(b)(1) or (b)(3) was not triggered. (R. Doc. 8 at 3-4). Wal-Mart argues that removal was otherwise timely because it was made within the 1-year period set forth in 28 U.S.C. § 1446(c). (R. Doc. 8 at 4). Wal-Mart highlights that it "**did not remove this case based on fraudulent joinder**," suggesting that it has timely removed on the basis of diversity jurisdiction because there is now complete diversity between the parties. (R. Doc. 8 at 4) (bold in the original).

Wal-Mart further suggests that any earlier attempt at removal would have resulted in remand "to allow for discovery on the issue of employee negligence." (R. Doc. 8 at 4). Wal-Mart notes that Plaintiff did not oppose the dismissal of LeBlanc, suggesting that Plaintiff joined LeBlanc as a non-diverse defendant for the purpose of defeating diversity jurisdiction. (R. Doc. 8 at 4-5). Wal-Mart argues that as a matter of policy, the Court should not "issue a ruling allowing plaintiffs in premises liability cases to stick the name of any employee on any name tag in the store in a Petition as a local defendant, regardless of whether the employee has anything to do

---

[5] In the Motion to Dismiss filed in state court, Wal-Mart (and LeBlanc) set forth Fifth Circuit jurisprudence concerning improper joinder to argue that Leblanc should be dismissed from the suit. (*See* R. Doc. 4-11 at 2) (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *Smallwood v. Illinois Cent R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004)). These Fifth Circuit decisions are not referenced in Wal-Mart's opposition to remand.

with plaintiff's accident or injuries" only to allow Plaintiff to defy removal on the basis that there has been no discovery. (R. Doc. 8 at 5).

## III.    Law and Analysis

### A.    Legal Standards for Improper Joinder

A defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 81-82 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.). Furthermore, remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C § 1447(c).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). When removal is based on improper joinder, the "party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir.

2004). The Fifth Circuit recognizes two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. The test for the latter "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Courts generally resolve the issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. First, the "court may conduct a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the complaint state a claim under state law against the in-state defendant." *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* Second, "in appropriate circumstances," the "court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Such a "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The Fifth Circuit has clarified that a "court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (emphasis in original). Furthermore, the federal pleading standard applies when determining improper joinder under the Rule 12(b)(6)-type analysis. *Id.*

Contrary to Wal-Mart's assertions, there is no "clear and convincing" evidence standard in the Fifth Circuit with respect to establishing improper joinder in the absence of actual fraud. The Fifth Circuit has clarified that "clear and convincing" evidence is only required in cases where the plaintiffs "plead actual fraud." *Priester v. Deutsche Bank National Trust Co.*, 832 Fed.

App'x 240, 244 (5th Cir. 2020). When the issue, as here, is "the plaintiff's inability to establish a cause of action against the non-diverse defendant," clear and convincing evidence is not required. *Id.*

There is no dispute that there is complete diversity between the parties (in light of the pre-removal oral dismissal of LeBlanc as a defendant) and that the amount in controversy requirement is satisfied (in light of the allegations in the Petition). An exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. Accordingly, the Court need not conduct an improper joinder analysis to determine whether it can properly exercise subject matter jurisdiction over this action. That said, and as discussed more fully below, the determination of whether there was a procedural defect in removal based on untimeliness hinges, in part, on the below standards for determining subject matter jurisdiction based on improper joinder.

**B.    Legal Standards for the Thirty-Day Removal Period**

**1.    The Removal Statute**

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

### 2.     The *Chapman* and *Bosky* Decisions

Fifth Circuit jurisprudence regarding the 30-day removal period has developed in the context of ambiguous allegations of the amount in controversy required to establish diversity jurisdiction. In that context, the Fifth Circuit has set forth a bright-line rule for determining whether the 30-day removal period is triggered under Section 1446(b)(1): "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Fifth Circuit rejected "a so-called due-diligence standard . . . to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Id.* (citing *Chapman*, 969 F.2d at 163). Instead, the Fifth Circuit has noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading where there is potential removal based on diversity jurisdiction, the plaintiff shall "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* (quoting *Chapman*, 969 F.2d at 163).

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has stated, again in the context of an ambiguous allegation of the amount in controversy, that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). If upon receipt of

discovery, the defendant must resort to analyzing medical treatment records or conduct independent research by consulting "quantum books" and case law to determine the amount in controversy, then those papers do not suffice to trigger the thirty-day time period in Section 1446(b)(3). *See Elkins v. Bradshaw*, No. 18-1035, 2019 WL 2096126, at *4 (M.D. La. Apr. 24, 2019) (citing *Chandler v. Ruston Louisiana Hosp. Co. LLC.*, No. 14-121, 2014 WL109635, at *5 (W.D. La. Mar. 19, 2014)).

### 3.    Application of *Chapman* and *Bosky* to Improper Joinder

District courts within the Fifth Circuit have reached different conclusions regarding whether the rules and standards set forth in *Chapman* and *Bosky* for determining whether the 30-day removal period is triggered apply in the context of improper joinder. *Compare Reynero v. Tex. Roadhouse, Inc.*, No. 14-4, 2014 WL 1569413, at *6 n.6 (S.D. Tex. Apr. 9, 2014) (finding the holdings in *Chapman* and *Bosky* do not make sense when applied to improper-joinder cases) *with Toney v. Rimes*, No. 16-736, 2017 WL 834985, at *4 (M.D. La. Feb. 9, 2017), *report and recommendation approved*, 2017 WL 830971 (M.D. La. Mar. 2, 2017) (applying *Chapman* in the context of improper joinder because the "Fifth Circuit has held that the subjective knowledge of a defendant regarding the requirements for diversity jurisdiction does not commence the 30-day period to remove.").

District courts that reject *Chapman* and *Bosky* in the context of improper joinder have generally focused on whether the plaintiff or defendant is in the better position to determine whether an improper joinder has occurred. The *Reynero* decision, for example, questioned the application of *Chapman* and *Bosky* in the context of improper joinder because those decisions were concerned with "encouraging plaintiffs to make the amount in controversy clear (a fact about which plaintiffs typically possess more information) if they wished to trigger either of

Section 1446(b)'s time periods." *Reynero*, 2014 WL 1569413, at *6 n.6 (citing *Bosky*, 288 F.3d at 211; *Chapman,* 969 F.3d at 163). The *Reynero* decision concluded that "defendants typically possess more information or access to information bearing on improper joinder," and, therefore, the "holdings in *Chapman* and *Bosky* thus do not make sense when applied to improper-joinder cases." *Id*.

The Court is not fully persuaded, however, that a defendant is necessarily in the better position of determining whether a co-defendant is improperly joined. To begin with, the "improper joinder" doctrine is a judicially-created exception to the requirement of complete diversity under 28 U.S.C. § 1332, though its "statutory underpinnings" are found in 28 U.S.C. § 1441(b)(2)[6] and 28 U.S.C. § 1359.[7] *Smallwood*, 385 F.3d at 572. The Fifth Circuit has also repeatedly asserted that the burden of persuasion placed upon those asserting "improper joinder" as the basis for removal is a "heavy one." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Furthermore, the Fifth Circuit has instructed that the removal statute must be "strictly construed in favor of remand." *Gasch*, 491 F.3d at 81-82.

---

[6] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule is a procedural requirement of removal and does not affect subject-matter jurisdiction. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 400 (5th Cir. 2009). At least one district court has found that "the forum defendant rule—a procedural standard—is totally unrelated to the improper joinder doctrine, and there is no basis for conflating improper joinder and the forum defendant rule." *Tipton v. Landen*, No. 15-02811, 2016 WL 919539, at *5 (W.D. La. Mar. 8, 2016); *see also WF/TX Invs., LLC v. Seneca Ins. Co., Inc.*, No. 19-00751, 2020 WL 1812672, at *3 (E.D. Tex. Apr. 9, 2020) ("No Circuit, let alone the Fifth Circuit, has conclusively held that the improper joinder doctrine extends to forum defendants."). Some courts, however, have applied the improper joinder analysis to allow removal despite the presence of diverse forum defendants. *See, e.g.*, *Taylor v. Cavender Buick of Texas Ltd*., No. 16-724, 2016 WL 6581353, at *1-*2 (W.D. Tex. Nov. 7, 2016); *Aguilar v. Wal–Mart Stores Texas, LLC*, No. 14-245, 2015 WL 11023492, at *3-*4 (E.D. Tex. Jan. 6, 2015).

[7] "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.

Given the foregoing context – a judicially-created exception to complete diversity that carries a "heavy" burden of persuasion to establish the propriety of removal – it follows that the objective rules and standards put forth in *Chapman* and *Bosky* apply equally to the issue of improper joinder. The Fifth Circuit has not instructed otherwise. Indeed, the Fifth Circuit has applied *Chapman* and *Bosky* to determine whether removal was timely when "based on federal-officer jurisdiction under 28 U.S.C. § 1442, as well as federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441." *See Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368 (5th Cir. 2021).

Consistent with *Chapman*, the Court will require a finding that the initial pleading "affirmatively reveals on its face" that LeBlanc was improperly joined to trigger the 30-day removal period under Section 1446(b)(1). Other district courts have applied this bright-line rule in the context of improper joinder. *See*, *e.g.*, *Zeitler as next friend of Arvizo v. CNH Am., LLC*, No. 18-508, 2019 WL 3806073, at *4 (E.D. Tex. Apr. 2, 2019); *Alonzo v. Reflection Video Prods.*, No. 11-25, 2011 WL 1668629, at *2 (S.D. Tex. May 3, 2011); *cf. Lopez v. Truckers Transportation All., Inc.*, 465 F. Supp. 3d 689, 698 (W.D. Tex. 2020) (finding removal untimely because it was not made within 30-days of receipt of the petition, which "affirmatively revealed" that the state law claims may be subject to removal based on complete preemption, an exception to the well-pleaded complaint rule for establishing federal question jurisdiction).

The application of federal pleading requirements when conducting a Rule 12(b)(6)-type analysis for improper joinder supports this position. *Int'l Energy*, 818 F.3d at 207. The Federal Rules of Civil Procedure requires plaintiffs or their attorneys to certify, among other things, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "pleading is not being presented for any improper purpose"

and that the "claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). Similar requirements are found in state law. *See* La. Code Civ. Proc. art. 863(B) (Louisiana); Tex. Civ. Pac. & Rem. Code § 10.001 (Texas); and M.R.C.P. Rule 11 (Mississippi). Imposing a strict due diligence requirement on defendants to ferret out the potential motive of a plaintiff to add an in-state defendant to prevent removal would run counter to those pleading requirements imposed on plaintiffs.[8] *See Zeitler*, 2019 WL 3806073, at *5 (noting that if the court accepted as true the plaintiff's argument that the initial pleading "affirmatively reveals on its face" that the in-state defendant was improperly joined, then it would lead to the inference that the plaintiffs "intentionally concealed the fact that the [non-diverse defendant] was not amenable to suit, solely to defeat diversity jurisdiction.").

After service of the initial pleading, a new 30-day removal period can be triggered by the receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Consistent with *Bosky*, the Court will require a finding that the amended pleading, motion or other paper at issue "affirmatively reveals on its face" that LeBlanc was improperly joined to trigger the 30-day removal period under Section 1446(b)(3). *See Bosky*, 288 F.3d at 211; *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) (removal was timely made within 30

---

[8] To be clear, the determination of whether an action is "removable" based on improper joinder is ultimately determined by the federal district court after removal, which can lead to different conclusions based on the allegations and post-removal evidence and arguments submitted. *Compare Banks v. Wal-Mart Inc.,* No. 18-0749, 2018 WL 4001289 (W.D. La. Aug. 6, 2018), *report and recommendation adopted*, 2018 WL 3999720 (W.D. La. Aug. 21, 2018) (remanding slip-and-fall action removed on basis of improper joinder because the plaintiff could potentially establish individual liability under *Canter* against the in-state store greeter where the plaintiff, a former Wal-Mart supervisor, submitted a post-removal declaration stating that "store greeters were charged . . . with monitoring the floors for liquids and hazards and placing wet-floor signs when needed") *with Giles v. Wal-mart Louisiana LLC*, No. 16-2413, 2016 WL 2825778 (E.D. La. May 13, 2016) (denying remand of slip-and-fall action removed on basis of improper joinder because the in-state supervisor did not owe a personal, independent duty to plaintiff that could establish individual liability under *Canter*).

days of when co-defendant's answer provided "first notice" that the action was removable). While there is no dispute that this standard applies in the context of an "other paper" triggering the 30-day removal period, the Court will briefly address the application of the voluntary-involuntary rule given that it informs whether the "other paper" must result from a voluntary act of the Plaintiff.[9]

### 4.    The Voluntary-Involuntary Rule

The application of the voluntary-involuntary rule to improper joinder actions is not raised in the briefing submitted by the parties. This rule originally applied to situations where the action as initially plead was not "removable" in light of the addition of a non-diverse defendant. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295-96 (5th Cir. 2019), *as revised* (Aug. 23, 2019) ("[W]here the case is not removable because of joinder of defendants," *only* "the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant" can convert a nonremovable case into a removable one.") (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)); *see also Valverde v. Maxum Cas. Ins. Co.*, 558 F. Supp. 3d 385, 392 (S.D. Tex. 2021) ("The voluntary-involuntary rule has its doctrinal genesis in an 1898 Supreme Court case [*Powers v. Chesapeake & O. Ry. Co*., 169 U.S. 92 (1898)], "but took solid form in the 1900 case of *Whitcomb v. Smithson*, [175 U.S. 635 (1900)], in which the state trial court (later affirmed by the state's highest appellate court) directed a verdict in favor of the in-state railway company defendant."). The Fifth Circuit has held that the 1949 amendment of 28 U.S.C. 1446(b) allowing removable based on receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become

---

[9] Neither party raised the voluntary-involuntary rule in their briefing.

removable" did not abrogate the voluntary-involuntary rule. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547-48 (5th Cir. 1967).

While the voluntary-involuntary rule has its origins in the determination of whether diversity jurisdiction can be exercised after the involuntary dismissal of a non-diverse defendant, the Fifth Circuit has applied the rule to hold that only a "voluntary" act of the plaintiff can constitute an "other paper" for the purposes of triggering the 30-day removal period under Section 1446(b)(3), even in situations not involving the involuntary dismissal of a non-diverse defendant. *See, e.g.*, *Par. of Plaquemines*, 7 F.4th at 373 (defendant's own discovery responses cannot serve as an "other paper" in the context of ascertaining federal-question jurisdiction or federal-officer jurisdiction to start the removal clock because the discovery responses were not a "voluntary" act of the plaintiff); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (post-complaint settlement demand letter establishing amount in controversy complied with the Fifth Circuit rule "that 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (an affidavit from defense counsel specifying the amount in controversy was not a voluntary act by plaintiff that started the accrual of the 30-day removal period).[10]

---

[10] Strictly speaking, the 30-day removal period provided in Section 1446(b)(3) only applies "**if** the case stated by the initial pleading is **not removable**." 28 U.S.C. § 1446(b)(3) (emphasis added). But Fifth Circuit jurisprudence regarding this 30-day removal period recognizes that an "other paper" can trigger the 30-day removal period provided in Section 1446(b)(3) **even if** the action was removable based on the initial pleading. For example, the Fifth Circuit has expressly stated that even where the amount in controversy is "facially apparent" (i.e., the amount in controversy is satisfied based on the allegations in the initial pleading), removal will still be timely if made within 30 days of the receipt of an "amended pleading, motion, order, or other paper from which" from which it was "first ascertainable that the case was removable." *Mumfrey*, 719 F.3d at 400 (limiting the "facially apparent" inquiry to "amount dispute" cases as opposed to "timing" cases). In the context of improper removal, the Fifth Circuit has similarly interpreted the language of Section 1446(b)(3) as granting "an additional thirty days from the time that a defendant *discovers* that the case *has become* or *always has been removable*" based on the receipt of "whatever writing . . . constitutes first notice" of the improper joinder of a non-diverse defendant. *Jernigan*, 989 F.2d at 815 (emphasis added).

Importantly, the Fifth Circuit has further recognized – with respect to the original context of involuntary dismissal of a non-diverse defendant – that "[t]he judicially created voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder." *Hoyt*, 927 F.3d at 295 (exception to voluntary-involuntary rule applied to involuntary dismissal of non-diverse defendant); *see Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) ("[C]ourts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder."); *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 52-53 (5th Cir. 2008) (exception to "voluntary-involuntary" rule applied where probate court dismissed non-diverse defendant who had been "fraudulently joined" because the plaintiff "could not establish a cause of action against her."). The Fifth Circuit has also recently extended this exception to where a diverse insurer-defendant makes a post-suit, pre-removal election of liability under state law, thus precluding recovery against a non-diverse adjuster-defendant. *See Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F. 4th 469, 474 (5th Cir. 2022).

It does not appear that the Fifth Circuit has applied the improper joinder exception to the voluntary-involuntary rule in the second context described above, namely the requirement that an "other paper" triggering a 30-day removal period under Section 1446(b)(3) must result from a voluntary act of the plaintiff.[11] District courts have suggested that the *Jernigan* decision (which contains no analysis of the voluntary-involuntary rule, but nevertheless concluded that a co-defendant's answer was an "other paper" for the purposes of the timing of an improper joinder removal) provides support for finding that the Fifth Circuit applies the improper joinder exception to the voluntary-involuntary rule in this context. *See Schaefer v. Kodiak Mfg, Inc.*, No.

---

[11] The above decisions also do not address the timeliness of removal in the context of these exceptions to the voluntary-involuntary rule.

11-619, 2011 WL 1656081, at *3 (E.D. La. May 2, 2011); *Cousin v. Flores*, No. 03-178, 2003 WL 21634426, at *1 (E.D. La. June 27, 2003); *but see Toney*, 2017 WL 834985, at *4 (finding that "other paper" did not trigger the 30-day removal period because the exception to the voluntary-involuntary rule in the context of improper joinder only applied to the involuntary dismissal of a non-diverse defendant).

In the absence of further direction from the Fifth Circuit, the Court will follow *Jernigan* as standing for the proposition that the improper joiner exception to the voluntary-involuntary rule applies outside of the context of the dismissal of a non-diverse defendant.

### C.    Application of 30-Day Removal Period to this Removal

In the Petition, Plaintiff specifically alleged that Wal-Mart delegated to LeBlanc various personally duties owed to Plaintiff, and that:

> Leblanc breached [those] duties which she personally owed to McKay, by failing to properly inspect the motorized shopping cart; failing to repair or replace the motorized shopping cart; failing to maintain the motorized shopping cart in a manner that would render the cart safe for customer use; failing to prevent an unsafe and unreasonably dangerous condition to exist in the motorized shopping cart; failing to see what should have been seen; failing to warn customers against the unsafe and unreasonably dangerous condition of the motorized shopping cart; and failing to properly train and supervise the employees in his/her charge regarding the inspection, maintenance, repair, and necessary removal from service and/or replacement of motorized shopping carts.

(R. Doc. 2-6 at 11-12). The Petition does not affirmatively reveal on its face that LeBlanc was improperly joined as a defendant. Accordingly, the 30-day removal period under Section 1446(b)(1) was not triggered by service or receipt of the Petition.

The Court turns to whether removal was timely under Section 1446(b)(3). Plaintiff offers various dates (beyond 30-days after receipt of the Petition) from which Wal-Mart could "ascertain" that LeBlanc was improperly joined:

- September 13, 2021 – Filing of Wal-Mart and LeBlanc's Answer;

- March 20, 2022 – Receipt of Plaintiff's deposition transcript;

- March 31, 2022 – Filing of Wal-Mart and LeBlanc's Motion to Dismiss;

- April 20, 2022 – Receipt of LeBlanc's deposition transcript; and

- May 9, 2022 – Receipt of Wal-Mart's deposition transcript.

In opposition, Wal-Mart argues, using the wrong "clear and convincing evidence" standard discussed above, that these points in the litigation did not trigger the 30-day removal period.

Having considered the record in its entirety, the Court concludes that Wal-Mart could have objectively ascertained (or did in fact ascertain) that the LeBlanc was improperly joined as a defendant no later than its receipt of LeBlanc's deposition transcript on April 20, 2022. Accordingly, removal is untimely under Section 1446(b)(3).

The Court notes that LeBlanc's Answer was arguably sufficient for Wal-Mart to ascertain that LeBlanc was not personally liable under *Canter*. Wal-Mart has the same counsel as the in-state defendant, who, in Paragraph 27 of the Answer denied "any independent negligence or liability as an associate/employee of Walmart." (R. Doc. 1-3 at 3). As discussed above, the Fifth Circuit held that a co-defendant's answer is sufficient to trigger the 30-day period for removal in the context of improper joinder. *See Jernigan*, 989 F.2d at 815. District courts have similarly held that a co-defendant's answer, particularly where co-defendants share the same counsel, provides an objective basis for triggering the 30-day removal period with respect to an improper joinder. *See WMS, LLC v. Allied Prop. & Cas. Ins. Co.*, 244 F. Supp. 3d 567, 572 (W.D. Tex. 2017) (answer of co-defendant triggered constituted an "other paper" that triggered the 30-day removal period notwithstanding argument that it had to be received "from the plaintiff"); *Reynero*, 2014 WL 1569413, at *6 (removal was untimely because "even if the organizational

defendants could not have reasonably discovered the facts giving rise to improper joinder from the face of the Original Petition, they were certainly on notice of those facts when they filed their Answer [given that] they all had a hunch that the [non-diverse employee-defendant] was not a proper defendant and they all shared the same lawyer."); *Freeman v. SSC San Antonio Silver Creek Operating GP LLC*, No. 13-879, 2013 WL 6200220, at *3 (W.D. Tex. Nov. 26, 2013) (removal was untimely because "co-defendant's answer denying any relationship to the parties in the lawsuit is sufficient notice that improper joinder has occurred to trigger the 30-day clock for removal" and it is "objectively reasonably for the Court to assume that a defendant reads its co-defendant's answer."); *see also Booth v. 3M Co.*, No. 14-25, 2014 WL 3735313 (S.D. Miss. July 28, 2014) (removal was untimely because even if subjective knowledge is not considered, the defendants "objectively could have discovered that the case was removable" based on improper joinder given discovery responses and information made available to them in other related actions); *but see Beaty v. Wal-Mart Stores Texas, LLC*, No. 11-76, 2011 WL 1155963, at *4-5 (S.D. Tex. Mar 24, 2011) (finding removal untimely where "both the amount in controversy and the possibility of fraudulent joinder were readily apparent on the fact of the original petition" and defense counsel who jointly represented the corporate and individual defendant "should have been aware that [the individual defendant] was not the manager on the date in question almost as soon as Defendants were served with the original petition.").

But even assuming that LeBlanc's Answer, which contained general denials of liability, was insufficient to trigger the 30-day removal period, the receipt of LeBlanc's deposition testimony transcript was certainly sufficient.[12] LeBlanc specifically testified that she was not

---

[12] The Fifth Circuit has adopted a bright-line rule providing that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript" as opposed to the date of the oral testimony provided at the deposition. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018).

tasked with "checking the motorized carts to make sure they're working properly," that she did

not have "any responsibilities with regard to motorized carts," and that she did not have "any

responsibility of making sure people were doing their jobs with regard to motorized carts." (R.

Doc. 2-4 at 2-3).

Given this testimony, there was no reasonable basis for a district court to predict that

Plaintiff might be able to establish *Canter* liability against LeBlanc. In other words, upon receipt

of this deposition transcript, Wal-Mart could have objectively ascertained that LeBlanc was

improperly joined because she did not have a personal duty to Plaintiff under *Canter* with respect

to the motorized carts. That Wal-Mart testified at its own subsequent deposition that no

employee was assigned the task of inspecting the anti-tip wheels on the motorized carts – and

later filed a Motion to Dismiss specifically arguing that Plaintiff cannot show that LeBlanc owed

her a personal duty and that LeBlanc was improperly joined to defeat removal jurisdiction –

supports this finding. [13]

In sum, the 30-day period for removal was not triggered under Section 1446(b)(1)

because the Petition did not affirmatively reveal on its face that LeBlanc was improperly joined.

Nevertheless, removal was untimely because, at the latest, LeBlanc's deposition transcript made

it "unequivocally clear and certain" that Plaintiff could not meet the second element of the

*Canter* factors. Because LeBlanc's deposition transcript was delivered to all parties on April 20,

---

[13] Given that LeBlanc's own deposition testimony triggered the 30-day removal period, the Court need not determine whether Wal-Mart's receipt of Plaintiff's deposition testimony transcript triggered the 30-day removal period under Section 1446(b)(3). To be sure, a plaintiff's deposition testimony can trigger the 30-day removal period under Section 1446(b)(3) in the context of improper joinder. *See Ameen v. Merck & Co.*, 226 F. App'x 363, 368 (5th Cir. 2007) ("Appellees' contention that Ameen had no basis for recovery against the individual defendants relies on facts first revealed in her deposition testimony. Accordingly, removal was timely, as Appellees removed within 30 days of becoming aware that the case might be removable."). But reliance on Plaintiff's deposition testimony in this action is problematic. At her own deposition, Plaintiff testified that she did not know LeBlanc and did not know why she sued her. (R. Doc. 2-3). If anything, this testimony highlights a lack of communication between Plaintiff's counsel (who drafted and submitted the Petition) and Belinda McKay, the actual Plaintiff. It does not establish that Plaintiff had no reasonable basis for recovery against LeBlanc.

2022, Wal-Mart's Notice of Removal, which was filed on July 13, 2022 (almost three months later), is untimely. That the deposition transcript was not a "voluntary" act of the Plaintiff does not preclude a finding that it is an "other paper" that triggered the 30-day removal period because the voluntary-involuntary rule does not apply to improper joinder.

**IV.     Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 2) be

**GRANTED,** and the action be **REMANDED** to the 21st Judicial District Court, Livingston Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on December 12, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**